Rivera Martínez, Juez Ponente
*690 TEXTO COMPLETO DE LA SENTENCIA
Comparece ante nos el Hospital Hermanos Meléndez mediante recurso de certiorari en el que nos solicita que revoquemos la resolución emitida por el Tribunal de Primera Instancia, Sala de Bayamón, el 18 de mayo de 2007, notificada el 31 de mayo de 2007. En ésta se declaró no ha lugar su solicitud de desestimación de la demanda sobre daños y perjuicios presentada en su contra por las partes demandantes de epígrafe.
Examinadas las comparecencias de las partes, así como el derecho aplicable, procedemos a expedir el auto solicitado y modificar la resolución recurrida.
I
El 20 de diciembre de 2002, el señor Miguel Ángel Martínez Ríos (en adelante señor Martínez), por sí y en representación de la menor Ninoshka Martínez Ríos, y la señora Carmen Gladys Ríos Román, presentaron una demanda sobre daños y perjuicios contra el Hospital Hermanos Meléndez (en adelante Hospital) y varios médicos, entre éstos, unos anestesiólogos, por la muerte de la señora Anabet Román Cartagena (en adelante señora Román), de quien el señor Martínez era compañero consensual. Junto con la demanda presentaron un informe pericial realizado por la Dra. Stephanie Mann (en adelante doctora Mann). Por su parte, el 23 de diciembre de ese año, la señora Betzaida Cartagena, madre de la señora Román, por sí y en representación de la menor Tiffany Y. Rondón Román, así como el señor Antonio Román, presentaron una demanda sobre daños y perjuicios contra el Hospital y varios médicos. Ambas demandas trataban sobre las circunstancias en que falleció la señora Román y se presentaron ante el Tribunal de Primera Instancia, Sala de Bayamón (en adelante TPI).
Luego de varios trámites procesales, entre éstos, el comienzo del descubrimiento de prueba, los casos se consolidaron. Así las cosas, durante una vista celebrada el 27 de enero de 2005, el TPI manifestó que en una vista anterior, el representante legal de los demandantes, entre los que estaba el señor Martínez, informó que la doctora Mann no había podido entregar su informe pericial por problemas administrativos. Además, el referido foro expresó que dicho letrado había indicado que con el informe decidiría si desistía de la demanda contra los anestesiólogos. Ante esto, el TPI le concedió término para que mostrara causa por la cual no se debía desestimar la demanda en contra de los referidos galenos.
Posteriormente, los anestesiólogos solicitaron la desestimación de la demanda. Los demandantes encabezados por el señor Martínez se opusieron. Sostuvieron que no habían podido conseguir un perito que les pudiera proveer un informen cuanto a las actuaciones de los anestesiólogos. Por ello, solicitaron un término adicional para obtener dicho informe. Por su parte, los otros demandantes solicitaron tiempo adicional para contratai' un perito sobre los anestesiólogos. En cuanto a esta solicitud, el TPI emitió una orden en la que indicó que si para el 28 de julio de 2005 no se rendía el informe pericial, se desestimaría la demanda contra los anestesiólogos.
Luego de varios trámites procesales, el Hospital presentó una Moción Informativa y Solicitud de Prórroga Para Anunciar Perito. En lo pertinente, adujo que no había podido contratar un perito debido a que los demandantes no habían informado el suyo. Posteriormente, en febrero de 2006, el Hospital solicitó la desestimación del caso. Alegó que ello procedía, en vista de los incumplimientos con las órdenes del tribunal por parte de los demandantes, específicamente, al no presentar su informe pericial.
*691 El 1 de mayo de 2007, se celebró una vista de seguimiento. Surge de la minuta que los abogados de los anestesiólogos y del Hospital señalaron que solicitarían la desestimación de la demanda por el incumplimiento de los demandantes, quienes no comparecieron a la vista. El TPI manifestó que se expresaría por escrito y emitiría una orden, con término perentorio, incluyendo sanciones, requiriéndole a las partes demandantes cumplir.
Así pues, el 18 de mayo de 2007, notificada el 31 de mayo de 2007, el TPI emitió la resolución recurrida. En primer lugar, les impuso a los demandantes una sanción de $200 por su incomparecencia a la vista del 1 de mayo de 2007. Además, les impuso una sanción de $400 por no haber cumplido con las órdenes del tribunal. Por último, les concedió un término perentorio de 40 días para notificar el informe pericial a las partes. Sostuvo que su incumplimiento daría paso a la desestimación de su causa de acción. Ahora bien, de un examen de la notificación de dicha resolución no surge que ésta se les haya notificado a los demandantes.
Inconforme, el Hospital presentó el recurso que nos ocupa. Sostiene que el TPI abusó de su discreción al no desestimar la demanda y al darles a los demandantes término adicional para presentar su informe pericial.
II
La Regla 39.2(a) de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone, en cuanto a la desestimación de los pleitos, lo siguiente:

“(a) Si el demandante dejare de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud del demandado, podrá decretar la desestimación del pleito o de cualquier reclamación contra él o la eliminación de las alegaciones, según corresponda. ”

Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones, tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado de la paite de la situación y se le haya concedido oportunidad para responder. Si el abogado de la parte no respondiese a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada y/o apercibido de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.
No se debe desestimar una acción judicial, salvo que a la luz de todos los hechos expuestos, el reclamante carezca de derecho a remedio alguno. Soto López v. Colón, 143 D.P.R. 282, 291 (1997). Existe una clara y firme política de que los casos sean resueltos en sus méritos. Neptune Packing Corp. v. Wackenhut Corp., 120 D.P.R. 283, 293 (1988); Imp. Vilca, Inc. v. Hogares Crea Inc., 118 D.P.R. 679, 686-687 (1986). La desestimación de un pleito bajo la Regla 39.2, supra, debe prevalecer únicamente en casos extremos al quedar expuesto el desinterés y el abandono total de la parte de su caso. Arce v. Club Gallístico de San Juan, 105 D.P.R. 305, 307 (1976). El desestimar una causa de acción, solamente debe hacerse en casos en que no haya duda de la irresponsabilidad y contumacia de la paite contra quien se toman las medidas drásticas. Acevedo v. Compañía Telefónica de P.R., 102 D.P.R. 787, 791 (1984). Es principio claro que tal poder discrecional de desestimar una demanda se debe ejercer juiciosa y apropiadamente. Maldonado v. Secretario de Recursos Naturales, 113 D.P.R. 494, 498 (1982).
Reiteradamente se ha resuelto que la desestimación de un pleito sin ir a sus méritos como medio de sanción debe ser el último recurso a utilizarse después que otras sanciones hayan probado ser ineficaces en el orden de administrar justicia y en todo caso no debería procederse a ella sin un previo apercibimiento. Ramírez de Arellano v. Srio. de Hacienda, 85 D.P.R. 823, 829-830. El Tribunal Supremo ha resuelto en reiteradas *692 ocasiones que, como primera alternativa ante el incumplimiento procesal de una parte, el Tribunal de Primera Instancia debe imponer sanciones económicas a la parte, al abogado o a ambos, previo adoptar una disposición que pueda tener el efecto de privarla de su día en corte. Imp. Vilca, Inc. v. Hogares Crea Inc., supra, a la pág. 686; Dávila v. Hosp. San Miguel Inc., 117 D.P.R. 807, 814 (1986); Maldonado v. Srio. de Rec. Naturales, supra.
El tribunal, al momento de ejercer su poder discrecional de imponer sanciones, deberá hacer un balance de intereses entre su obligación de velar porque los casos sean ventilados sin demora y el derecho de toda paite a tener su día en corte. Para poder hacer un adecuado balance de intereses, se tendrá que tomar en consideración diferentes factores, tales como el conocimiento o no de la parte promo vente de la inactividad de su caso, la-necesidad del tribunal de supervisar su calendario, el interés público en la resolución expedita de los casos y el peijuicio que la inacción haya causado. Echevarría Jiménez v. Sucn. Pérez Meris, 123 D.P.R. 664, 674 (1989).
En el caso de Maldonado v. Srio. de Recursos Naturales, supra, el Tribunal Supremo de Puerto Rico señaló lo siguiente:

“Planteada ante un tribunal una situación que, de acuerdo con la ley y la jurisprudencia aplicable, amerita la imposición de sanciones, éste debe, en primer término, imponer las mismas al abogado de la parte. Si dicha acción disciplinaria no produce frutos positivos, procederá la imposición de la severa sanción ■ de la desestimación de la demanda o de la eliminación de las alegaciones, tan sólo después que la parte haya sido debidamente informada y/o [sic.] apercibida de la situación y de las consecuencias que puede tener el que la misma no sea corregida. La experiencia señala que en la gran mayoría de los casos ... las partes no están enteradas de la actuación negligente de sus abogados y, al advenir en conocimiento de ello, la situación es corregida de inmediato. Una parte que haya sido informada y apercibida de esta clase de situación y no tome acción correctiva, nunca podrá querellar, ante ningún foro, de que se le despojó injustificadamente de su causa de acción y/o defensas. ”

El fundamento para no imponer sanciones drásticas al cliente es que, de ordinario, la parte que ejercita su derecho en corte no está informada de los trámites rutinarios. Ramírez de Arellano v. Srio. de Hacienda, supra, a la pág. 830. La tendencia ha sido a imponer primero sanciones económicas contra aquella parte que incumple y no la sanción más drástica que es la desestimación del caso. Esta suavización de la sanción así como el postergar la imposición de sanciones drásticas y severas como último recurso al cual se deba acudir, responde a la política judicial imperante, por un lado, de que los casos se ventilen en los méritos y, por otro lado, de que éstos se resuelvan de forma justa, rápida y económica. Amaro González v. First Fed. Savs, 132 D.P.R. 1042, 1052 (1993).
Por otro lado, por lo general, los tribunales revisores no intervienen con el manejo de los casos por el Tribunal de Primera Instancia, salvo que se demuestre que hubo un craso abuso de discreción o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial. Zorniak Air Services v. Cessna Aircraft Co., 132 D.P.R. 170, 181 (1992); Lluch v. España Service Sta., 117 D. P.R. 729 (1986).
En nuestro ordenamiento jurídico se ha entendido que la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Bco. Popular de P.R. v. Mun. de Aguadilla, 144 D.P.R. 651, 658 (1997); Pueblo v. Ortega Santiago, 125 D.P.R. 203, 211 (1990); Pueblo v. Sánchez González, 90 D.P.R. 197, 200 (1964). Dentro del ámbito judicial, el concepto de discreción no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho. Pueblo v. Sánchez González, supra; Bco. Popular de P.R. v. Mun. de Aguadilla, supra. El actuar de esa manera constituye claramente un abuso de discreción.
*693 Es necesario enfatizar que, en lo relativo a las determinaciones interlocutorias discrecionales, los foros revisores deben abstenerse de sustituir su criterio por el sano ejercicio de discreción del tribunal de instancia, salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción. Meléndez v. Caribbean Int'l News, 151 D.P.R. 649 (2000). La parte que cuestiona prerrogativas inherentes al ejercicio de discreción judicial, viene obligada a demostrar que el tribunal incurrió en abuso de discreción. E.L.A. v. Asoc. de Auditores, 147 D.P.R. 669 (1999).
III
Debemos recordar que los jueces de instancia están facultados de flexibilidad para lidiar con la tramitación de los asuntos judiciales. E.L.A. v. Asoc. de Auditores, supra. Si su actuación se funda en una base razonable que no resulta perjudicial a los derechos sustanciales de una parte, debe prevalecer su criterio. Sierra v. Tribunal Superior, 81 D.P.R. 554 (1959). En vista de ello, en este caso, le concedemos al TPI la debida deferencia en el manejo del caso. Más todavía cuando del expediente ante nos no surge, ni ha sido planteado por el recurrente, un proceder arbitrario, caprichoso, irrazonable o abuso de discreción de parte del TPI. Lluch v. España Service, supra.
Ahora bien, debemos señalar que el TPI no les notificó a los demandantes de la resolución recurrida, en la que advirtió que desestimaría la demanda si no cumplían con sus órdenes. Según el derecho esbozado anteriormente, antes de desestimar una causa de acción, el TPI tiene que notificarle directamente a la parte demandante de ello. Así pues, en este caso, el TPI tiene que notificarle a los demandantes que de éstos no cumplir con lo requerido, desestimará las demandas.
Téngase en cuenta, además, que en nuestra jurisdicción existe una clara política judicial que milita a favor de que las controversias judiciales se diluciden en sus méritos. Global Gas v. Salaam Realty, 164 D.P.R. _ (2005), 2005 J.T.S. 48. En vista de que la desestimación es una medida drástica y de excepción, que resulta en .la disposición de un pleito sin un juicio en sus méritos, concluimos que no erró el TPI al no desestimar las demandas.
IV
Por los fundamentos expuestos anteriormente, se expide el auto solicitado, se modifica la resolución recurrida a los fines de que el TPI notifique a los demandantes la resolución recurrida y, así modificada, se confirma la resolución emitida por el TPI el 18 de mayo de 2007.
Notifíquese.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.
María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones